UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAHID BADSHAH ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 01254 |
| v. ) | Hon. Marvin E. Aspen |
| ) | |
| AMERICAN AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff Shadid Badshah's motion to strike Defendant American Airlines, Inc.'s affirmative defenses. (Mot. (Dkt. No. 10).) For the reasons stated below, we deny Plaintiff's motion.

## BACKGROUND

Plaintiff is a former employee of American Airlines. He commenced this action on January 13, 2017 in the Circuit Court of Cook County, Illinois, alleging national-origin, age, and color discrimination and retaliation in violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS § 5, *et seq.* (Verified Compl. (Dkt. No. 1–1).) Plaintiff also claims Defendant failed to provide him with a complete copy of his personnel file contrary to the requirements of the Illinois Personnel Record Review Act, 820 ILCS 40, *et seq.* (*Id.*) On February 17, 2017, Defendant removed the case to federal district court pursuant to 28 U.S.C. § 1332. (Notice of Removal (Dkt. No. 1) ¶¶ 4–6.) Defendant filed its answer to the complaint on February 24, 2017. (Answer (Dkt. No. 7).)

## LEGAL STANDARD

Plaintiff's motion to strike Defendant's affirmative defenses is governed by Federal Rule of Civil Procedure 12(f), which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because they "potentially serve only to delay," and so affirmative defenses "will be stricken only when they are insufficient on the face of the pleadings." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). To survive a motion to strike, an affirmative defense must satisfy a three-part test: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9, and (3) the matter must withstand a Rule 12(b)(6) challenge." *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014) (citation omitted). We follow the majority view of district court decisions in this circuit, which apply the pleading standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) to affirmative defenses. *See Sarkis' Cafe*, 55 F. Supp. 2d at 1040; *Shield Tech. Corp. v. Paradigm Postitioning, LLC*, No. 11 C 6183, 2012 WL 4120440, at *8 (N.D. Ill. Sept. 19, 2012) ("[W]e believe that the test applicable to affirmative defenses should reflect current pleading standards, and therefore adopt the majority view that *Twombly* and *Iqbal* apply to affirmative defenses."); *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D 637, 639–40 (N.D. Ill. 2011) (collecting cases).

## ANALYSIS

Defendant asserts seven affirmative defenses in its answer, and Plaintiff moves to strike all of them. (Mot. ¶¶ 9–10.) Plaintiff argues that each of Defendant's affirmative defenses are

improper "[t]hreadbare recitals . . . supported by mere conclusory statements." (*Id.* ¶ 10.) In response, Defendant agreed to withdraw its Second, Fourth, and Fifth Defenses, without prejudice. *See, e.g.*, *Palomares v. Second Fed. Sav. & Loan Ass'n of Chi.*, No. 10 C 6124, 2011 WL 2111978, at *2 (N.D. Ill. May 25, 2011) (even where a motion to strike is granted, leave to amend the pleading is to be freely granted as justice requires under Rule 15(a), and a party is not necessarily precluded from asserting the substantive merits of an affirmative defense later in the case). We address the remaining disputed affirmative defenses below.

### A.    First Defense

Defendant's First Defense alleges that Plaintiff's claims are barred to "to the extent they involve transactions or events or seek damages for periods of time outside the applicable statute of limitations period(s)." (Answer at 17.) Defendant argues there is a "clear legal basis" for the First Defense, as a plaintiff seeking to litigate claims under the IHRA must file a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") within 180 days of the alleged discrimination, and to the extent he fails to do so, his claims will be barred as untimely. (Resp. at 4 (citing 775 ILCS 5/7A–102(A)(1)).) This prerequisite provides a defendant with an affirmative defense, and Defendant has put Plaintiff on notice that his claims under the IHRA may be barred to the extent he has failed to meet his administrative or statutory filing deadlines. *See, e.g.*, *Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007) ("Filing a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court; rather, it is an affirmative defense akin to administrative exhaustion."). While "bare bones conclusory allegations" are insufficient, defenses generally "will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller*, 883 F.2d at 1294. Defendant has adequately put Plaintiff on notice as to the nature of the defense, and it is entitled to

discovery to determine whether Plaintiff has met the applicable administrative and statutory time limits. Plaintiff's motion to strike the First Defense is denied.

### B. Third Defense

Similarly, the Third Defense alleges Plaintiff's claims are barred to the extent that they "relate to persons or matters which were not made the subject of a timely charge of discrimination filed with the EEOC/IDHR, or were not investigated or conciliated by the EEOC/IDHR." (Answer at 17.) The Third Defense thus disclaims liability for claims based on allegations outside the scope of Plaintiff's charge of discrimination. The scope of Plaintiff's permissible claims is bound by the nature of the allegations stated in his charge of discrimination, and therefore, Defendant has sufficiently stated the nature of the defense and may take discovery to learn more about Plaintiff's EEOC and/or IDHR charges of discrimination. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 110 (7th Cir. 1992) ("[T]he scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC."); *Naylor v. Streamwood Behavioral Health Sys.*, No. 11 C 50375, 2012 WL 5499441, at *9 (N.D. Ill. Nov. 13, 2012) (denying motion to strike affirmative defense relating to the plaintiff's alleged failure to include all defendants in the underlying charge of discrimination). Plaintiff's motion to strike the Third Defense is accordingly denied.

### C. Sixth Defense

Defendant's Sixth Defense asserts that Plaintiff's claims are barred "to the extent he has failed to fully mitigate his alleged damages or other losses as required by law," and further states Plaintiff must offset any damages "by interim earnings, severance pay, and any other pay benefits as required by law." (Answer at 18.) Although the allegation is bare of factual specificity, "where discovery has barely begun, the failure to mitigate defense is sufficiently pled

4

without additional facts." *Thomas v. Exxon Mobil Corp.*, No. 7 C 7131, 2009 WL 377334, at *4 (N.D. Ill. Feb. 11, 2009) (internal quotation marks omitted) (quoting *AAR Int'l, Inc. v. Vacances Heliades S.A.*, 202 F. Supp. 2d 788, 800 (N.D. Ill. 2002)). Threadbare pleading of a mitigation defense is permitted because defendants are usually unable to learn the factual specifics of the plaintiff's mitigation efforts without discovery. *Id.* at *2. Defendant's Sixth Defense sufficiently puts Plaintiff on notice that his mitigation efforts will be an issue in this case. *See Naylor*, 2012 WL 5499441, at *8. We therefore deny Plaintiff's motion to strike Defendant's Sixth Defense.

      **D.**    **Seventh Defense**

Finally, Defendant's Seventh Defense asserts that, "assuming any of Plaintiff's protected rights were violated, American Airlines is not liable for punitive damages because of any improper acts on the part of its employees as those acts were contrary to American Airlines' good faith efforts to comply with the law by implementing policies and programs designed to prevent such improper acts in the workplace." (Answer at 18.) In the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where their decisions are contrary to the employer's "good-faith efforts" to comply with anti-discrimination laws. *Kolstad v. Am. Dental Assoc.*, 527 U.S. 526, 545–46, 119 S. Ct. 2118, 2129 (1999). Defendant has stated a plausible affirmative defense based on *Kolstad*, and we accordingly deny Plaintiff's motion to strike Defendant's Seventh Defense.

## CONCLUSION

For the foregoing reasons, we deny Plaintiff's motion to strike Defendant's First, Third, Sixth, and Seventh Affirmative Defenses. We also deny as moot Plaintiff's motion to strike the

5

Second, Fourth, and Fifth Affirmative Defenses insofar as Defendant has agreed to withdraw them, without prejudice. It is so ordered.

                                                                                            _____
                                                                                            Honorable Marvin E. Aspen
                                                                                           United States District Judge

Dated: May 12, 2017
        Chicago, Illinois